United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   FRANK BILAN,                          No   C 10-80323 VRW

13            Petitioner,                       ORDER

14            v

15   UNITED STATES OF AMERICA,
     INTERNAL REVENUE SERVICE, and
16   JEFF MAURICE, Special Agent,

17            Respondents.
     _____/
18

19            On December 29, 2010, petitioner Frank Bilan filed a

20   petition to quash a summons issued by the Internal Revenue Service

21   ("IRS") to petitioner's employer, Intersil Corporation

22   ("Intersil").  Doc #1.  On January 6, 2011, petitioner filed an

23   amended petition requesting that the court quash summonses issued

24   to Equifax Credit Information Services Inc, Umpqua Bank, Bank of

25   the West, Bank of America, Experian Credit Notification Services

26   Inc and Transunion Corporation.  Doc #4 at 6-7.  On February 17,

27   2011, respondents United States of America, IRS and Special Agent

28   Jeff Maurice filed an opposition to petitioner's motion to quash

and a motion to dismiss the petition for lack of subject matter jurisdiction.  Doc #8.

Respondents' brief raises several issues that were not addressed in the original petition to quash.  Before the court decides respondent's motion to dismiss or the substance of the underlying petition, petitioner should be provided an opportunity to respond.  In particular, the court orders petitioner to address the following issues: (1) alleged defects in the service of his petition, (2) the grounds on which he is entitled to challenge the summons issued to Intersil and (3) whether the court has subject matter jurisdiction over each of the entities targeted by the IRS summonses.  These issues are described in more detail below.

I

Respondent argues that petitioner did not provide proper notice to respondents because he failed to serve his petition on the Attorney General of the United States.  Doc #8 at 2-3.

The requirements for service of a petition to quash an IRS summons are set forth in 26 USC § 7609(b)(2)(B).  That section requires a moving party to serve by registered or certified mail a copy of the petition on the person summoned by the IRS and on any office designated in the notice provided with the original IRS summons.  26 USC § 7609(b)(2)(B).  Here, the notice provided with the IRS summonses states that any "petition [to quash] must be served upon the appropriate parties, including the United States, as required by [FRCP 4]" and that the IRS should be served by mailing a copy of the petition to the officer that issued the IRS summons.  Doc #1 at 11.  FRCP 4(i) requires a party serving process

United States District Court

For the Northern District of California

2

**United States District Court**
For the Northern District of California

on the United States to serve a copy of all papers on (1) the United States attorney for the district in which the action is brought, (2) the Attorney General of the United States and (3) the agency or employee sued, if any. FRCP 4(i). Petitioner therefore was required to serve his petition to quash on the entities targeted by the IRS summonses, the United States Attorney for the Northern District of California, the Attorney General of the United States and Jeffrey Maurice (the agent who issued the IRS summonses).

Petitioner's proof of service states that he served his original petition — which moved to quash the Intersil summons only — via certified mail on the United States Attorney for the Northern District of California, Agent Maurice and Intersil. Doc #3 at 2. Petitioner served his amended petition — which moved to quash the Intersil summons and several other summonses — via certified mail on Agent Maurice and the targets of the IRS summonses, but not on the United States Attorney. Doc #5 at 2-3. Petitioner did not serve either version of his petition on the Attorney General of the United States. See Doc ##3; 5.

The court agrees that petitioner has not complied with his service obligations under Section 7609 and FRCP 4 — most notably by failing to serve his amended petition on the Attorney General of the United States and the United States Attorney for the Northern District of California. Accordingly, no later than March 11, 2011, petitioner is hereby ORDERED to serve his amended petition via registered or certified mail on the Attorney General of the United States and the United States Attorney for the Northern District of California.

**United States District Court**
For the Northern District of California

II

Respondent argues that the court lacks jurisdiction over petitioner's motion to quash the summons issued to Intersil, petitioner's employer, because Intersil is not a "third-party recordkeeper" as defined by the Internal Revenue Code.  Doc #8 at 3-4.

Section 7609(b)(2) provides the general right to file a petition to quash IRS summonses served on third parties.  26 USC § 7609(b)(2).  Section 7609(c) states, however, that the section "shall not apply to any summons * * * (E)(i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws; and (ii) served on any person who is not a third-party recordkeeper (as defined in section 7603(b))."  26 USC § 7609(c)(2)(E).  Each summons at issue in this case was propounded by the criminal investigation unit of the IRS.  As a result, petitioner is permitted to file a petition to quash only if the entities targeted by the IRS summonses are third-party record keepers as defined by Section 7603(b).

Entities defined as third-party record keepers under Section 7603(b)(2) include certain banks, consumer reporting agencies, persons who extend credit through the use of credit cards, brokers, attorneys, accountants, barter exchanges, regulated investment companies, enrolled agents and owners and developers of computer software code.  26 USC § 7603(b)(2).  Notably, Section 7603(b)(2) does not include employers.  See id.  Nor does petitioner allege that Intersil meets any other category set forth in Section 7603(b)(2).  Several courts have held that employers do

not qualify as third-party record keepers for purposes of a petition to quash. Beatty v United States, 2008 WL 3983921 at *3 (CD Cal 2008); Covington v United States, 853 F Supp 888, 889 (WDNC 1994). Petitioner is therefore ORDERED TO SHOW CAUSE why the court should not dismiss his petition to quash the Intersil summons for failing to satisfy Section 7609.

III

Jurisdiction over a petition to quash an IRS summons lies in the "United States district court for the district within which the person to be summoned resides or is found." 26 USC § 7609(h)(1); Deal v United States, 759 F2d 442, 444 (5th Cir 1985) (affirming the dismissal of a petition to quash IRS summonses because the third-party record keepers did not reside in the district); Scharringhausen v United States, 2003 WL 21517773 at *1-2 (SD Cal 2003). A petitioner "seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." Scott v Breeland, 792 F2d 925, 927 (9th Cir 1986).

Although respondents' brief does not raise the issue of subject matter jurisdiction under Section 7609(h)(1), the summonses served on Equifax Credit Information Services Inc, Umpqua Bank, Experian Credit Notification Services Inc and Transunion Corporation each reflect an address that is not within this district. Doc #4 at 9-22. Petitioner has not provided an affidavit or any other evidence to establish that these entities reside in or can be found in the Northern District of California.

Accordingly, petitioner is ORDERED TO SHOW CAUSE why his petition to quash the summonses served on Equifax Credit

Information Services Inc, Umpqua Bank, Experian Credit Notification Services Inc and Transunion Corporation should not be dismissed for lack of subject matter jurisdiction under 26 USC § 7609(h)(1).

IV

Petitioner is hereby ORDERED to respond to each of the issues above on or before March 11, 2011 in a writing that is not more than ten pages.  This matter will be deemed submitted at that time.  Finally, due to the pending retirement of the undersigned, the clerk is directed to reassign the case.

IT IS SO ORDERED.

_____

VAUGHN R WALKER
United States District Judge

**United States District Court**
For the Northern District of California

6