**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10  Frank Bilan,                           NO. C 10-80323 JW

11              Petitioner,                **ORDER GRANTING RESPONDENT'S
                                           MOTION TO DISMISS; GRANTING**
      v.                                   **RESPONDENT'S MOTION TO**
12                                         **ENFORCE; DISMISSING PETITION TO**
    United States of America, et al.,      **QUASH WITH PREJUDICE**
13
              Respondents.
14  _____/

15        Presently before the Court is Respondents'[1] Motion to Dismiss Petition to Quash and Motion

16  for Summary Enforcement.[2]  The Court finds it appropriate to take the Motion under submission

17  without oral argument. See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court

18  GRANTS Respondents' Motion to Dismiss, GRANTS Respondents' Motion to Enforce and

19  DENIES Petitioner's Petition to Quash with prejudice.

20  **A.      Procedural History**

21        On December 29, 2010, Petitioner Frank Bilan filed a Petition to Quash Summons and

22  Motion for Judicial Notice seeking to quash a summons issued by the Internal Revenue Service

23  ("IRS") to Intersil Corporation ("Intersil").[3]  On January 6, 2011, Petitioner filed an Amended

24

25        [1]  Respondents are the United States of America, Internal Revenue Service and Special Agent
    Jeff Maurice.
26

27        [2]  (Respondents' Memorandum in Support of Motion to Dismiss Petition to Quash, Motion
    for Summary Enforcement, hereafter, "Motion," Docket Item No. 8.)

28        [3]  (See Docket Item No. 1.)

United States District Court

For the Northern District of California

1   Petition to Quash Summons and Motion for Judicial Notice[4] seeking to quash the summons issued to

2   Intersil as well as summonses issued to various banks and credit companies.[5]  On February 17, 2011,

3   Respondents filed a Motion to Dismiss Petition to Quash and Motion for Summary Enforcement.

4   Respondents contend that the Court lacks subject matter jurisdiction over certain summonses and

5   that Respondents are entitled to summary enforcement.  (Motion at 2-7.)  On February 23, 2011, the

6   Court issued an Order to Show Cause why the Amended Petition should not be dismissed for:

7   (1) failure to serve all required parties; (2) lack of jurisdiction as to Intersil because it is not a "third-

8   party recordkeeper" as defined by 26 U.S.C. § 7609; and (3) lack of jurisdiction as to Equifax,

9   Umpqua Bank, Experian and Transunion for failure to allege that each entity resides or can be found

10  in this district.  (hereafter, "OSC," Docket Item No. 10.)  On March 9, 2011, Petitioner filed a

11  response to the Court's Order that indicated Petitioner had remedied the failure to serve but

12  otherwise did not address the grounds raised in the Court's Order to Show Cause.  (Petitioner's

13  Response to 2/23/2011 Order of Judge Vaughn R Walker (Ret), hereafter, "Response," Docket Item

14  No. 13.)

15  **B.      Respondents' Motion to Dismiss**

16          **1.      Lack of Jurisdiction as to Intersil**

17          Respondents contend that the Court lacks subject matter jurisdiction over the Intersil

18  summons because Intersil is Petitioner's employer and does not constitute a "third-party

19  recordkeeper" as defined by the Internal Revenue Code, 26 U.S.C. § 7609.  (Motion at 3-4.)

20          "Internal Revenue Code § 7609 sets forth special procedures and jurisdictional limitations

21  for petitions to quash third-party summonses."  Scharringhausen v. United States, 2003 WL

22  21517773, at *1 (S.D. Cal. Jan. 15, 2003).  Title 26 U.S.C. § 7609(b)(2) provides the general right to

23  file a petition to quash IRS summonses served on third parties.  Section 7609(c) states, however, that

24

25          [4] (hereafter, "Amended Petition," Docket Item No. 4.)

26          [5] In addition to the Intersil summons, the Amended Petition seeks to quash summonses
    issued to Equifax Credit Information Services, Inc. ("Equifax"); Umpqua Bank; Bank of the West;
    Bank of America, N.A. ("Bank of America"); Experian Credit Notification Services, Inc.
27  ("Experian"); and Transunion Corporation ("Transunion").  (Amended Petition at 8-28.)

28                                                          2

United States District Court

For the Northern District of California

1 the Section "shall not apply to any summons . . . (E)(i) issued by a criminal investigator of the

2 Internal Revenue Service in connection with the investigation of an offense connected with the

3 administration or enforcement of the internal revenue laws; and (ii) served on any person who is not

4 a third-party recordkeeper (as defined in section 7603(b))."  26 U.S.C. § 7609(c)(2)(E).  An

5 employer is not a third-party recordkeeper for purposes of Section 7609.  Ponsford v. United States,

6 771 F.2d 1305, 1309 (9th Cir. 1985); Beatty v. United States, 2008 WL 3983921, at *3 (C.D. Cal.

7 Jul. 31, 2008); Covington v. United States, 853 F. Supp. 888, 889 (W.D.N.C. 1994).

8         In this case, each summons was propounded by the criminal investigation unit of the IRS.

9 (Amended Petition at 9-28.)  Thus, the Court has subject matter jurisdiction under Section 7609 only

10 if the entities served are third-party recordkeepers as defined by Section 7603(b).  Because Intersil is

11 Petitioner's employer, and Petitioner has not established any other ground on which Intersil might

12 qualify as a third-party recordkeeper, the Court lacks jurisdiction with regard to that summons.

13 Ponsford, 771 F.2d at 1309.

14         Accordingly, the Court GRANTS Respondents' Motion to Dismiss as to the Intersil

15 summons.

16         **2.      Lack of Jurisdiction Over Entities Outside District**

17         In its February 23, 2011 Order to Show Cause, the Court raised *sua sponte* whether it has

18 jurisdiction to consider the summonses issued to Equifax, Umpqua Bank, Experian and Transunion.

19 (OSC at 5-6.)

20         Jurisdiction over a petition to quash an IRS summons lies in the "United States district court

21 for the district within which the person to be summoned resides or is found."  26 U.S.C.

22 § 7609(h)(1).

23         Here, the summonses served on Equifax, Umpqua Bank, Experian and Transunion reflect

24 addresses that are not within the Northern District of California.  (Amended Petition at 9-13, 20-23.)

25 Petitioner's Response to the Court's Order to Show Cause does not establish that any of these parties

26 reside in or can be found in this District, as required by Section 7609(h)(1).

27

28

3

**United States District Court**
For the Northern District of California

1    Accordingly, the Court DISMISSES the Amended Petition as to the summonses issued to

2    Equifax, Umpqua Bank, Experian and Transunion.

3    **C.    Enforcement of Summonses**

4    Respondents contend that they are entitled to judicial enforcement of the remaining

5    summonses because they were issued for a legitimate purpose, they seek relevant information that is

6    not in the possession of the IRS, and all required administrative steps were followed.  (Motion at 4-

7    7.)  Petitioner responds that the IRS exceeded its authority because the statute authorizing the

8    issuance of summonses was not enacted in compliance with 5 U.S.C. § 553.  (Response at 3-4.)

9    Congress has vested the IRS with broad investigative powers to enforce the tax laws,

10   including the authority to issue summonses for the purpose of inquiring into any offense connected

11   with the administration or enforcement of the internal revenue laws.  26 U.S.C. §§ 7602(a)-(b);

12   Tornay v. United States, 840 F.2d 1424, 1431 (9th Cir. 1988).  Section 7602 states in pertinent part:

13   For the purpose of ascertaining the correctness of any return, making a return where
     none has been made, determining the liability of any person for any internal revenue
14   tax or the liability at law or in equity of any transferee or fiduciary of any person in
     respect of any internal revenue tax, or collecting any such liability, the Secretary is
15   authorized–
     . . .
16   (2) To summon . . . any person having possession, custody, or care of books of account
     containing entries relating to the business of the person liable for tax or required to
17   perform the act, or any other person the Secretary may deem proper, to appear before
     the Secretary at a time and place named in the summons and to produce such books,
18   papers, records, or other data, and to give such testimony, under oath, as may be
     relevant or material to such inquiry . . . .
19
20   26 U.S.C. § 7602(a).  To be entitled to judicial enforcement of a summons, the IRS must establish

21   that the summons: (1) is issued for a legitimate purpose; (2) seeks information that may be relevant

22   to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all

23   of the administrative steps set forth in the Internal Revenue Code.  United States v. Powell, 379 U.S.

24   48, 57-58 (1964).  The IRS may use a declaration to establish that the Powell factors are satisfied.

25   Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).

26   Here, Respondents have satisfied the required elements set forth in Powell.  First, the

27   summonses issued to Bank of the West and Bank of America were issued for the legitimate purpose

28                                                                          4

United States District Court

For the Northern District of California

1  of attempting to obtain information related to Petitioner's tax liabilities and to collect such tax

2  liabilities.[6]  Second, the summonses seek records regarding income, assets and liabilities that are

3  relevant to ascertain Petitioner's tax liability.  (Id. ¶¶ 4, 6, Exs. D, E.)  Third, Respondent Maurice

4  declares that the IRS does not have access to or possession of the information sought from Bank of

5  the West and Bank of America.  (Id. ¶ 4.)  Last, Respondent Maurice declares that all administrative

6  steps required by the Internal Revenue Code for issuance of the summons have been taken and that

7  there has been no referral to the Department of Justice for criminal prosecution of the matters

8  described in the summonses.  (Id. ¶¶ 7-8.)  Thus, summary enforcement is appropriate.

9          Petitioner's contention that the IRS does not have authority to issue summonses because

10  Section 7602 was not enacted in compliance with 5 U.S.C. § 553 is misplaced.  Section 553 sets

11  forth various procedures that govern the rule-making authority of federal agencies.  Congress is

12  specifically excluded from its requirements.  See 5 U.S.C. §§ 551(1)(A), 553.  Because Section 7602

13  is an act of Congress and not an agency rule, it need not comply with Section 553.

14          Similarly, Petitioner's contention that the Internal Revenue Code (including Section 7602)

15  was not enacted into "positive law" and therefore is not valid is misplaced.  Whether a statute has

16  been enacted into positive law only concerns where one looks to find the official wording of the

17  statute.  See 1 U.S.C. § 204(a).  "Congress' [] failure to enact a title into positive law has only

18  evidentiary significance and does not render the underlying enactment invalid or unenforceable."

19  Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985).  Therefore, whether the Internal Revenue Code

20  was enacted into positive law has no bearing on the validity of Section 7602.

21          Accordingly, the Court GRANTS Respondent's Motion to Enforce the summonses issued to

22  Bank of the West and Bank of America.

23

24

25

26  _____

27      [6] (Declaration of Revenue Agent Jeffrey Maurice in Support of Opposition to Petition to Quash Internal Revenue Service Summons ¶¶ 2, 3, Exs. D, E, Docket Item No. 8-1.)

28                                         5

**D.**     **Conclusion**

The Court GRANTS Respondent's Motion to Dismiss as to the summonses issued to Intersil, Equifax, Umpqua Bank, Experian and Transunion.  The Court GRANTS Respondent's Motion to Enforce as to the summonses issued to Bank of the West and Bank of America.  The Court DENIES Petitioner's Amended Petition to Quash.

The Clerk shall close this miscellaneous action.

Dated:  June 29, 2011

JAMES WARE
United States District Chief Judge

United States District Court
For the Northern District of California

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Thomas M. Newman thomas.newman2@usdoj.gov

Frank Bilan
P.O. Box 657
Victor, CA 95253

**Dated:  June 29, 2011**                                 **Richard W. Wieking, Clerk**


                                                          **By:      /s/ JW Chambers**
                                                              **Susan Imbriani**
                                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California